PIERSON *v.* MORGAN *et al.*

(*Supreme Court, General Term, First Department.* March 29, 1889.)

ABATEMENT AND REVIVAL—DEATH OF PARTY—SUBSTITUTION OF REPRESENTATIVE.
    Under 2 Rev. St. N. Y. pp. 447, 448, §§ 1, 2, providing that actions for wrongs to the property, rights, or interests of another may be brought against the personal representatives of the tort-feasor the same as actions for breaches of contracts, except in cases of slander, assault, and some other personal injuries, an action by a receiver of a corporation against its trustees for an account of the assets of the company alleged to have been misapplied by them does not abate by the death of one of the defendants, but may be revived against his administratrix.

Appeal from special term, New York county.

Action by Henry Pierson, receiver of the Widows' & Orphans' Benefit Life Insurance Company, against Andrew W. Morgan and others, trustees of said corporation, to compel them to account for certain assets of the corporation alleged to have been misapplied by them. Pending the action defendant died, and on motion of plaintiff the cause was revived against his administratrix, Justine M. Cronk, and leave was given to serve a supplemental summons and complaint. The administratrix appeals.

Argued before VAN BRUNT, P. J., and BARTLETT and DANIELS, JJ.

*P. H. Vernon*, for appellant. *William C. Trull*, for respondent.

BARTLETT, J. This action was brought by the receiver of the Widows' & Orphans' Benefit Life Insurance Company against Andrew W. Morgan and 15 other defendants, as trustees of the corporation, to compel them to account for property and assets of the company to a large amount, alleged to have been diverted and misapplied under the circumstances set out in the complaint. After issue was joined the defendant Morgan died, and the appellant was appointed his administratrix. Thereupon a motion was made by the plaintiff for an order reviving the action against the administratrix, and for leave to serve a supplemental summons and complaint, and for other relief, including a sev-

-erence of the action. This motion was granted, and from the order entered thereon the administratrix has appealed. The appellant objects to this order -on several grounds. She contends that the cause of action does not survive against the legal representatives of the deceased defendant, Andrew W. Morgan; that there is no provision of law under which an action of tort can be revived or continued against the legal representative of one of several wrong-doers who are sued jointly; and that in any event the action should not have been -severed, inasmuch as it is a suit against the trustees of a corporation for a general accounting as such trustees, and is therefore purely equitable in its nature.

We have considered these objections, and the arguments by which they are supported, but we do not deem any of them tenable. Under the Revised Statutes, an action for wrongs done to the property, rights, or interests of another, for which an action might be maintained against the wrong-doer, can be maintained after his death against his executors or administrators in the same manner and with like effect in all respects as suits founded upon contracts, except in cases of slander, libel, assault and battery, false imprisonment, or injuries to the person. 2 Rev. St. pp. 447, 448, §§ 1, 2. This suit comes within the purview of the statute, and therefore did not abate by the death of the defendant Morgan. *Bond* v. *Smith,* 4 Hun, 48.

The counsel for the appellant insists that these provisions cited from the Revised Statutes were intended to apply exclusively to actions at law for the recovery of damages only; and to sustain this proposition he quotes in his brief a section which was proposed by the revisers, but which was not adopted by the legislature, providing that whenever a wrongful act should be done by any person for which an action at law might be brought against him, and such person should die pending suit, his executors or administrators might be substituted as defendants. From this he argues that the two sections which actually were adopted (2 Rev. St. pp. 447, 448, §§ 1, 2) were designed to be limited in their operation solely to actions at law. But it seems to us that the refusal of the legislature to enact this proposed third section, if significant of -anything, indicated an intention, not to restrict the application of the other sections to actions at law only, but rather a design to extend them to any suits, whether legal or equitable, which might be based upon wrongs done to the property, rights, or interests of another. Certainly the language of the sections themselves does not require the adoption of such a construction as to exclude equity suits of this nature from their operation. The decision of this court in the case of *Bond* v. *Smith, supra,* is conclusive against the contention of the appellant that the law does not authorize the revival or continuance of an action of tort against the legal representatives of one of several wrong-doers sued jointly. In that case, as in this, the action had been severed, and the order directing its subsequent prosecution as two actions, one against the surviving defendants, and the other against the personal representatives of a deceased defendant, was sustained. The order appealed from should be affirmed, with costs. All concur.